RECEIPT # 52226
AMOUNT $
SUMMONS ISSUED YES
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. Kim Abaid
DATE 12-5-03

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE
2003 DEC -5 A 11: 46
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| LEAH C. O'LEARY, PAUL A. PLATO, KATHRYN A. SCHMITZ, AND RUSSELL P. TANNER, <br><br> Plaintiffs, <br><br> v. <br><br> NORWOOD PUBLIC SCHOOLS SYSTEM; NORWOOD SCHOOL COMMITTEE; EDWARD P. QUIGLEY, IN HIS CAPACITY AS SUPERINTENDENT OF SCHOOLS FOR THE NORWOOD PUBLIC SCHOOLS, WILLIAM J. PLASKO, JR., RICHARD W. KIEF, PHYLLIS H. NORWOOD, RICHARD M. POWER, MARK P. JOSEPH, TONI M. EOSCO, AND JOHN P. RYAN, NAMED JOINTLY AND SEVERALLY AS MEMBERS OF THE NORWOOD SCHOOL COMMITTEE, <br><br> Defendants. | CIV. NO. _____ <br><br> 03-12453-REK <br><br> MAGISTRATE JUDGE Cohen |

## COMPLAINT

### NATURE OF THE ACTION

Plaintiffs, who are residents of the Town of Norwood, oppose the continued display, on the grounds of the Balch Elementary School, of a crèche depicting the biblical birth of Christ. The Balch Elementary School is a public elementary school owned and operated by the Norwood Public Schools System. It serves children from five to eleven years old. The crèche in question is near life size, and contains a number of biblical figures and allusions, including Mary, Joseph, the biblical wise men; an angel; and various animals, all kneeling and bowing towards the baby Jesus. Plaintiffs believe that the continued use of this elementary school property for the display

of a religious crèche violates the First and Fourteenth Amendments of the United States Constitution.

## **PLAINTIFFS**

1. Plaintiff Leah O'Leary, LICSW, is a citizen of the United States, a resident of the Commonwealth of Massachusetts, and domiciliary, resident, and taxpayer of the Town of Norwood, Massachusetts. Ms. O'Leary is a social worker who operates a nonprofit social service organization in Norwood. Her family has lived in the Town of Norwood for more than 100 years.

2. Plaintiff Paul A. Plato, LICSW, is a citizen of the United States, a resident of the Commonwealth of Massachusetts, and a domiciliary, resident, and taxpayer of the Town of Norwood. Mr. Plato is a social service administrator who has worked for Metro Boston non-profit agencies for the past twenty-seven years. He has lived in the Town of Norwood for more than two decades.

3. Plaintiff Kathryn A. Schmitz is a citizen of the United States, a resident of the Commonwealth of Massachusetts, and a domiciliary, resident, and taxpayer of the Town of Norwood. Reverend Schmitz is an ordained minister in the Unitarian Universalist tradition. She has lived in the Town of Norwood for more than two years.

4. Plaintiff Russell P. Tanner is a citizen of the United States, a resident of the Commonwealth of Massachusetts, and a domiciliary, resident, and taxpayer of the Town of Norwood. Mr. Tanner is a small business owner. He has lived in the Town of Norwood for more than fourteen years.

5. Each of the above-named Plaintiffs has been, and is, a taxpayer in the Town of Norwood, Massachusetts, and owns real property located in the Town of Norwood,

Massachusetts. Taxes paid to the Town of Norwood, Massachusetts are, have been and continue to be used, in part, to fund the Norwood Public Schools System.

6. Some of the Plaintiffs have children in the Norwood Public Schools System, or use Norwood Public Schools System facilities, including the facilities of the Balch Elementary School. Each of the Plaintiffs regularly encounters the crèche which is the subject of this Complaint, and objects to the use of a public elementary school for the placement of a religious symbol whose purpose is to deliver an overtly religious message.

7. Each of the Plaintiffs support the First Amendment right to free exercise of religion, including the right of churches and individuals to display the crèche on their own property or in places that are legitimately used as a public forum for expression. Plaintiffs object, however, to the use of the front lawn of a public elementary school as a forum to display, year after year, a socially divisive and constitutionally inappropriate symbol of one particular religious faith.

## DEFENDANTS

8. The Norwood Public Schools System (hereinafter "the Norwood Public Schools") is an entity of the Town of Norwood. Pursuant to M.G.L. c. 40, §2, the Town of Norwood may in its corporate capacity sue and be sued. The Norwood Public Schools System is responsible for the property of the public schools in the Town of Norwood.

9. The Norwood School Committee (hereinafter "Committee"), pursuant to Massachusetts General Laws Chapter 71, § 37, has responsibility and authority to establish educational goals and policies for the schools in the system consistent with the requirements of law and statewide goals established by the Board of Education.

10. Defendants William J. Plasko, Jr., Richard W. Kief, Phyllis H. Norwood, Richard M. Power, Mark P. Joseph, Toni M. Eosco, and John P. Ryan are members of the Committee, and are named as Defendants in that representative capacity.

11. Defendant Edward P. Quigley is the Superintendent of Schools ("Superintendent") of the Norwood Public Schools, and is authorized to manage the system in a fashion consistent with state law and the policy determinations of the Norwood School Committee. Mr. Quigley is named as Defendant in that representative capacity.

## JURISDICTION

12. The Norwood Public Schools, the Committee, the above-named Committee members, and Superintendent are now, and at all times pertinent hereto have been, acting under color of state law. Plaintiffs bring this action pursuant to 42 U.S.C. §1983 for violation of the First and Fourteenth Amendments of the United States Constitution.

13. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331, § 1341, § 2201, and § 2202.

14. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c).

## BACKGROUND FACTS

15. For many years, the crèche which is the subject of this Complaint has been displayed on the front lawn of the Balch Elementary School. The crèche is traditionally displayed for a four week period, beginning in early December, and continuing through Christmas. The crèche, which is close to life size, includes figures of the baby Jesus, Mary, his mother, Joseph, his father, the biblical three wise men, an angel, and various animals, enclosed on three sides by a wooden manger. These biblical figures are shown kneeling and bowing

towards the baby Jesus. The crèche is a purely religious display; it does not include any secular items and contains no acknowledgement of non-Christian religions.

16. Balch Elementary School is located at 1170 Washington Street in Norwood. It has approximately 300 students, in kindergarten through fifth grade. The crèche is traditionally displayed on a location adjacent to the main drop-off area for the school, within approximately twenty feet of the path leading to the school's front entrance. Most children who walk to school, or are dropped off there, must pass near the crèche to enter the building.

17. For approximately 75 years, on information and belief, the Town of Norwood owned and maintained the crèche, and directly managed its display on the grounds of the Balch Elementary School.

18. In 2000, certain citizens of the Town of Norwood objected to the continued display of the crèche, on grounds that its continued display at the Balch Elementary School violated the Establishment Clause of the United States Constitution. In 2001, in response to these complaints, the Town of Norwood, on information and belief, "donated" the crèche to a local church, the St. George Roman Catholic Orthodox Church, which in turn donated the crèche to an ostensibly private group named the "South Norwood Committee." On information and belief, the "South Norwood Committee" includes, among its leaders, one or more elected Selectmen of the Town of Norwood, who have publicly made it their goal to preserve and maintain the traditional crèche display at the front of the Balch Elementary School.

19. At or about the same time that the Town "donated" the crèche to the "South Norwood Committee," and in an effort to further the preservation and maintenance of the crèche display, the Norwood School Committee voted to designate as a so-called "public forum" the front lawn of the Balch Elementary School. This was, of course, the very location where the

crèche traditionally had been displayed by the Town; the location was selected by the Committee with that knowledge and for that reason.

20. At the time of the Committee's designation, on information and belief, no display, other than the crèche, had ever been erected on the front lawn of the Balch Elementary School, and, with one exception, no group other than the "South Norwood Committee," had ever expressed any interest in erecting a display on the Balch Elementary School's front lawn. The Committee's designation of the front lawn of the Balch Elementary School as a "public forum," available for "displays," was, in fact, intended and understood by the Committee to facilitate and protect one display only: the crèche.

21. At least one Committee member publicly acknowledged, during the debate that preceded the designation of the Balch Elementary School lawn as a so-called "public forum," that creating such a policy would bring the Committee "in[to] the religious business." No other schools within the Norwood Public Schools, and no other locations within the Town of Norwood, were suggested, discussed, debated, or designated by the Committee as alternative "fora" for public debate.

22. The deetails of the policy ultimately adopted by the Norwood School Committee demonstrate that the policy was promulgated with a purpose to protect and maintain the crèche as traditionally displayed by the Town of Norwood. The policy designates the front lawn of Balch Elementary School, where the crèche has traditionally been displayed, as a limited public forum from September 1 through April 30 of each year. It permits unattended "displays" to be placed on the front lawn of the School, by application, for up to four weeks (the approximate duration of the Christmas season). Attended displays, or other forms of expressive activity, such as speeches or leafleting, are not permitted by the policy. The Committee reserves the right to

deny permit applications on a number of grounds. However, on information and belief, only one application has been denied to date: an application, by an individual not resident in the Town of Norwood, for placement of a sign protesting the continued display of the crèche, and promoting the separation of church and state.

23.  In an implicit acknowledgement of the purpose of the Balch Elementary School designation, and an apparent effort to insulate the Committee from legal action for the continued sponsorship of the crèche, the Committee's policy provides that approved displays must include a sign stating, among other things, that "[t]he Norwood School System welcomes free expression but does not endorse any particular viewpoint or religious denomination expressed in this display," and "[t]he display appearing on these grounds are not constructed or maintained with public funds of the Norwood School System and their appearance here does not constitute an endorsement by the Norwood School System."

24.  These written disclaimers are unintelligible to, and their meaning and significance are not recognized by, a sizeable portion of the Balch Elementary School's student-age population. Kindergarten and elementary school students as young as five years old walk pass the crèche on a daily basis. It is simply not realistic to assume that the posting of a sign, along the lines outlined above, will disassociate the crèche, in the minds of these children, from the sponsorship of the Town, the Balch Elementary School, and the Norwood Public Schools generally.

25.  As one member of the School Committee acknowledged, during the discussions that preceded the enactment of the policy: "school aged kids will be passing [the crèche] everyday and . . . even with a sign stating the Committee does not endorse [religion] . . . [the Committee] will be viewed [as doing so.]"

## **CONTINUING DISPLAY**

26. For each of the past two years, the Committee has approved the application of the "South Norwood Committee" to place the crèche on the grounds of the Balch Elementary School. During and after the placement of the crèche, individuals in the Town of Norwood, and members of the Norwood religious community, have engaged in public prayer on or in the vicinity of the Balch Elementary School lawn.

27. On information and belief, no display, other than the crèche, has ever been approved under the Committee's so-called "public use" policy. Nor is it likely that any group will seek approval of a private, non-religious display in the future. Other, better, and more legitimate sites (such as the Norwood Town Common) exist for legitimate expressive activity in the Town of Norwood. Practically speaking, the front lawn of the Balch Elementary School is a desirable "public forum" for only one organization – the so-called "South Norwood Committee" – and for only one purpose – the continuation of the crèche display in the very location where, traditionally, for many years, it was sponsored by the government of the Town of Norwood.

28. Since November, 2000, the Anti-Defamation League, the American Civil Liberties Union, and Americans United for the Separation of Church and State, along with a number of town residents, have written to Mr. Quigley and the School Committee to voice their concern over the School Committee's apparent endorsement of religion through the continuing display of the crèche. Columns and editorials have appeared in the local press, identifying the crèche as a source of divisiveness and hostility in the Norwood community. Despite these expressions of concern, the School Committee has elected not to modify its policy, and has made clear that it intends to continue to allow the crèche display on an annual basis.

29. On or around November 21, 2003, the Committee again approved the application of the "South Norwood Committee" for a permit to display the crèche from December 7, 2003, to January 4, 2004 at the Balch Elementary School.

30. Based on Defendants' past practices, and the Town's historical tradition, it appears likely that the display of this religious crèche at the Balch Elementary School will continue each Christmas season, as it has for the past seventy-five years, unless and until enjoined by the Court.

## FIRST CAUSE OF ACTION
## (FIRST AMENDMENT; 42 U.S.C. § 1983)

31. Plaintiffs incorporate paragraphs 1 through 29 above as if fully set forth herein.

32. The crèche which is the subject of this Complaint is a religious symbol and delivers an overtly religious message. In view of its long history of Town-sponsored display on the front lawn of the Balch Elementary School, the crèche has the principal and primary effect of advancing religion, and delivers a plain message that Defendants endorse, sanction, promote, support, and approve of its overtly religious message.

33. Defendants' effort to legitimize the continued display of the crèche scene -- by declaring the front lawn of the Balch Elementary School a "limited public forum" -- is both ineffective and pretextual. In the two years since the lawn of the Balch Elementary School was designated a "public forum," and the 75 years preceding that designation, the front lawn of the Balch Elementary School has never been used, under the Committee's "public use" policy, for any sort of display other than the Christmas crèche. No organization, other than the "South Norwood Committee," has ever successfully sought the Committee's permission to use this particular spot as a "forum" for communicative expression. Indeed, the front lawn of an

elementary school, where very young children congregate, is self-evidently inappropriate for the "vigorous public forum" that the Committee's public use policy ostensibly was meant to enact.

34. By the actions described above, and by allowing the continued use of Balch Elementary School's front lawn for the erection and maintenance of this crèche scene on property owned and controlled by the Committee, the Defendants have violated and are continuing to violate the Establishment Clause of the First Amendment of the United States Constitution, incorporated in the Fourteenth Amendment of the United States Constitution, and made actionable under 42 U.S.C. § 1983.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs pray:

A. For a declaratory judgment that the continued erection of the crèche scene on the grounds of the Balch Elementary School violates the Establishment Clause of the First and Fourteenth Amendment of the United States Constitution;

B. For a permanent injunction enjoining the Defendants from allowing the erection of a crèche scene on the grounds of the Balch Elementary School, or on the grounds of any other elementary school property owned or controlled by Defendants and enjoining the Defendants from making any expenditures of funds of the Norwood Public Schools, directly or indirectly, to construct, maintain, light, or allow the construction of a crèche scene on the grounds of the Balch Elementary School or, on any other elementary school property owned or controlled by the Norwood Public Schools;

C. For nominal damages, and, pursuant to 42 U.S.C. § 1988, reasonable attorneys' fees and costs for the maintenance of this action; and

D. For such other and further relief as this Court deems just and proper.

Respectfully submitted,

LEAH C. O'LEARY, PAUL A. PLATO,
KATHRYN A. SCHMITZ, AND RUSSELL P. TANNER,

By their attorneys,

_____
Eric B. Hermanson (BBO No. 560256)
Tricia A. Rice (BBO No. 633556)
Aloknanda Sinha Bose (BBO / pending)
CHOATE, HALL & STEWART
53 State Street
Boston, Massachusetts 02109
Tele: (617) 248-5000
Fax: (617) 248-4000

Sarah R. Wunsch (BBO # 548767)
American Civil Liberties Union
 of Massachusetts
99 Chauncy Street, Suite 310
Boston MA 02111
Tele: (617) 482-3170

Dated: December 5, 2003