UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CIVIL ACTION NO.03 12453 RE

| | |
|---|---|
| LEAH C. O'LEARY, PAUL A. PLATO, KATHRYN A. SCHMITZ, AND RUSSELL P. TANNER,<br>    Plaintiffs | )<br>)<br>)<br>)<br>) |
| Vs. | )<br>) |
| NORWOOD PUBLIC SCHOOLS SYSTEM; NORWOOD SCHOOL COMMITTEE; EDWARD P. QUIGLEY, IN HIS CAPACITY AS SUPERINTENDENT OF SCHOOLS FOR THE NORWOOD PUBLIC SCHOOLS, WILLIAM J. PLASKO, JR., RICHARD W. KIEF, PHYLLIS H. NORWOOD, RICHARD M. POWER, MARK P. JOSEPH, TONI M. EOSCO, AND JOHN P. RYAN, NAMED JOINTLY AND SEVERALLY AS MEMBERS OF THE NORWOOD SCHOOL COMMITTEE<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

### FIRST DEFENSE

The defendants hereby state that the plaintiffs' complaint fails to state a cause of action upon which relief can be granted.

### SECOND DEFENSE

The defendants hereby answer the plaintiffs' complaint, paragraph by paragraph, as follows:

### NATURE OF THE ACTION

The defendants state the allegations contained in this paragraph state a conclusion of law to which the defendants need not respond.

### PLAINTIFFS

1. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

3. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

4. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

5. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.
6. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

7 . The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

## DEFENDANTS

8. The defendants state the allegations contained in this paragraph state a conclusion of law to which the defendants need not respond.

9. The defendants state the allegations contained in this paragraph state a conclusion of law to which the defendants need not respond.

10. The defendants admit the allegations contained in this paragraph.

11. The defendants admit that Edward P. Quigley is the Superintendent of Schools of the Norwood Public Schools and state the remaining allegations contained in this paragraph state a conclusion of law to which the defendants need not respond.

## JURISDICTION

12. The defendants state the allegations contained in this paragraph state a conclusion of law to which the defendants need not respond.

13. The defendants state the allegations contained in this paragraph state a conclusion of law to which the defendants need not respond.

14. The defendants state the allegations contained in this paragraph state a conclusion of law to which the defendants need not respond.

## BACKGROUND FACTS

15. The defendants admit that a crèche has been displayed on the front lawn of the Balch Elementary School for a number of years.  The defendants admit that the crèche has often been displayed in December.  The description of the crèche contained in this paragraph is a matter of opinion.  The statement that the crèche is a "purely religious display" is also a matter of opinion. While some certainly see it as a symbol of Christianity, it can just as well be said that, according to the bible, the scene depicts the birth of a first son to a devout Jewish family.

16. The defendants admit that the Balch Elementary School is located at Washington Street in Norwood and has approximately 300 students in kindergarten through fifth grade.  The defendants admit that the crèche has been displayed near the drop off area for the school within about twenty feet of the path leading to the school's front entrance.  The defendants deny that the children "must pass near the crèche to enter the building".

17. The defendants admit that for some years in the past, the Town of Norwood owned and maintained the crèche and displayed it on the grounds of the Balch Elementary School.

18. The defendants admit that in the year 2000 some persons contacted the school committee regarding the crèche. The defendants state that in 2001, the Town of Norwood donated the crèche to a local church. The defendants are not aware whether or not the church then donated the crèche to the South Norwood Committee. The defendants are aware that one of the members of the South Norwood Committee is a selectperson in the Town of Norwood.

19. The defendants are not aware that the Town donated the crèche to the South Norwood Committee. The defendants admit that the Norwood School Committee voted to designate the front lawn of the Balch elementary school as a public forum. The defendants states the various members of the school committee doubtlessly had their own reasons for voting to approve the public forum policy that is how democracy works. The Norwood School Committee voted to approve a public forum at the Balch School because it, as a whole, believed that this would best serve the citizens and the children of Norwood in compliance with the law of this country.

20. The defendants state that the lawn of the Balch Elementary School had been traditionally used for public information displays as well as the crèche. The defendants are not aware of any other group besides the South Norwood Committee that has ever expressed an interest in a "display". There was one person, a non-resident, who applied to display a sign on the site but was turned down because the public forum is limited to Norwood residents. The defendants deny that the designation of the front lawn of the Balch Elementary School as a public forum was intended to protect only one display. In fact, the policy allows any Norwood resident to put up displays during the school year if they so choose and the Committee hopes and expects that Norwood residents take advantage of this opportunity and invites groups and individuals in the community to apply for permits to do so.

21. The defendants state that various members of the School Committee all expressed their opinions regarding this issue during the debate. The defendants further state that if the plaintiffs wish to propose other locations within the control of the School Committee that may be appropriate as public forum, they should so inform the defendants.

22. The defendants deny that the policy adopted by the School Committee was promulgated for nefarious reasons. The policy creates a public forum available to all residents of Norwood who wish to use it. All religions are welcome to apply if they are interested. The only individual who was denied a permit was not a resident of Norwood and that was the only reason the permit was denied.

23. The defendants state that the sign that is mandated by the policy contains language, which is approved by the United States Supreme Court.

24. The defendants state that the written signs included with the crèche contain language approved by the United States Supreme Court. If the plaintiffs are truly concerned that this language is too sophisticated for the children of the Balch School, the defendants invite the plaintiffs to suggest alterative language.

25. The defendants state that each member of the School Committee has her or his opinions, which they are free to express. The School Committee as a whole acts in the best interests of the citizens and children of Norwood.

## CONTINUING DISPLAY

26. The defendants state that the South Norwood Committee has applied for permits for 2001, 2002, and 2003 and they were approved. The defendants are not aware of what actions individuals have taken at the site. The defendants further state that in this country, individuals are free to pray or not as they choose.

27. The defendants disagree with the statements in this paragraph. What is likely in the future depends on what the residents of Norwood wish to do. The Balch School is in a location central to the south Norwood neighborhood and is an excellent place for public displays of all kinds.

28. The defendants state that they have received communications both in favor of and against the public forum location at the Balch school. The Norwood School Committee welcomes such communications and the individual members make their decisions based in part on these communications in order to take actions that, in their judgment, serve the best interests of the citizens and children of Norwood.

29. The defendants admit the allegations contained in this paragraph.

30. The defendants are not prescient, thus they do not know what will occur in the future. The defendants intend to enforce the public forum policy in a fair and neutral manner as to all applicants.

## FIRST CAUSE OF ACTION
## FIRST AMENDMENT 42 U.S.C. §1983

31. The defendants hereby repeat their responses to Paragraphs 1 through 30 of the plaintiffs' complaint.

32. The defendants deny the allegations contained in this paragraph.

33. The defendants deny that their public access policy is ineffective and pretextual. The plaintiffs are invited to apply for permits to put up other displays at the Balch School, as are other residents of Norwood.

34. The defendants deny that they are violating any law. Quite contrary, the Norwood School Committee has scrupulously adhered to the law of the land in drafting the policy.

## RELIEF REQUESTED

WHEREFORE, the defendants deny that the plaintiffs are entitled to judgment in any amount against the defendants and, furthermore, the defendants ask this Honorable Court to enter judgment for the defendants and against the plaintiffs.

**AFFIRMATIVE DEFENSES**

**THIRD AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendants state that the defendants' actions are entitled to qualified good faith immunity.

**JURY CLAIM**

THE DEFENDANTS CLAIM A TRIAL BY JURY AS TO ALL ISSUES PROPERLY TRIABLE TO A JURY.

>Respectfully submitted,
>DEFENDANTS,
>By their attorney,
>
>_____/s/Leonard H. Kesten_____
>Leonard H. Kesten, BBO# 542042
>BRODY, HARDOON, PERKINS & KESTEN, LLP
>One Exeter Plaza
>Boston, MA 02116
>617-880-7100

Dated: January 28, 2004